No. 25-60198

---

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

---

CUEVAS MACHINE COMPANY, INC.
PLAINTIFF – APPELLANT

v.

CALGON CARBON CORPORATION
DEFENDANT – APPELLEE

---

On Appeal from the United States District Court
Southern District of Mississippi, Southern Division
Civil Action No. 1:24-114

---

## APPELLANT'S OPENING BRIEF

---

Jason M. Kirschberg, Esq.
Jeffery P. Reynolds, Esq.
REYNOLDS | KIRSCHBERG
188 E. Capitol St.
Suite 1360
Jackson, Mississippi 39201
Tel.: 601-355-7773
Fax: 601-355-6364
jason@rklitigators.com
jeff@rklitigators.com

*Counsel for Appellant Cuevas
Machine Company, Inc.*

No. 25-60198

————————

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

————————

CUEVAS MACHINE COMPANY, INC.
PLAINTIFF – APPELLANT

v.

CALGON CARBON CORPORATION
DEFENDANT – APPELLEE

————————

On Appeal from the United States District Court
Southern District of Mississippi, Southern Division
Civil Action No. 1:24-114

————————

## CERTIFICATE OF INTERESTED PERSONS

Pursuant to Fifth Cir. R. 28.2.1, the undersigned counsel of record certifies that the following listed persons and entities have an interest in the outcome of this appeal. These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal.

1. Paul Cuevas, co-owner and principal of Cuevas Machine Company.

2. Todd Smith, co-owner of Cuevas Machine Company.

3. Linda Smith, Cuevas Machine Company's bookkeeper and wife to Todd Smith.

4. Steven R. Schott, CEO of Calgon Carbon Corporation.

i

5. Jansen Owen, Esq., the attorney who drafted the subject construction liens.

6. Hon. Halil Ozerden, United States District Judge, Southern District of Mississippi.

Dated: July 7, 2025.                        *s/ Jason M. Kirschberg*
                                            Jason M. Kirschberg

## **DISCLOSURE STATEMENT**

Appellant Cuevas Machine Company is a private corporation, the complete ownership of which is vested in individuals Paul Cuevas and Todd Smith.

# **TABLE OF CONTENTS**

<u>**Contents**</u>                                                                                          <u>**Page**</u>

CERTIFICATE OF INTERESTED PERSONS ..........................................................i

DISCLOSURE STATEMENT ............................................................................. iii

TABLE OF CONTENTS.......................................................................................iv

TABLE OF AUTHORITIES .................................................................................vi

STATEMENT REGARDING ORAL ARGUMENT .............................................1

JURISDICTIONAL STATEMENT ......................................................................1

STATEMENT OF THE ISSUE..............................................................................1

STATEMENT OF THE CASE...............................................................................2

    A. Nature of the Case and Course of Proceedings ...............................................2

    B.  Statement of Facts.........................................................................................3

SUMMARY OF THE ARGUMENT ......................................................................8

STANDARD OF REVIEW ..................................................................................10

ARGUMENT .......................................................................................................11

    I.  CMC's Liens Provided the Date it Last Supplied Labor, Services or
       Materials to Calgon's Property.....................................................................11

    II. Alternatively, Mississippi Law Indicates the District Court Should Hold
       an Evidentiary Hearing to Confirm When CMC Last Supplied Labor,
       Services or Materials to Calgon's Property...................................................18

CONCLUSION....................................................................................................25

CERTIFICATE OF SERVICE .............................................................................26

CERTIFICATE OF COMPLIANCE..........................................................................27

# TABLE OF AUTHORITIES

**<u>Cases</u>**                                                                                                     **<u>Page(s)</u>**

*Aggreko, LLC v. Chartis Specialty Ins. Co*.,
   942 F.3d 682 (5th Cir. 2019) ........................................................10

*Civelli v. J.P. Morgan Sec., LLC*,
   57 F.4th 484 (5th Cir. 2023) .........................................................10

*Hall v. State*,
   241 So. 3d 629 (Miss. 2018)...........................................................7

*Harrison v. State*,
   800 So. 2d 1134 (Miss. 2001)................................................13 n.2

*In re O'Neal Constructors, LLC*,
   No. 25-bkr-459 (D. SC Feb. 6, 2025)..........................................9 n.1

*KD Oak Grove, LLC v. Warren & Warren Asphalt Paving, LLC*,
   324 So. 3d 1134 (Miss. 2021)........................................................24

*Land Holdings I, LLC d/b/a Scarlet Pearl, LLC v. GSI Services, LLC*,
   No. 2:17-cv-209-JS
   (Harrison County Chancery Court, 2nd Judicial District).....18, 19, 20, 21 n.3

*Land Holdings I, LLC v. Gsi Servs., LLC*,
   265 So. 3d 147 (Miss. 2019)........................................9, 21, 22, 23

*Taylor v. Books A Million, Inc*.,
   296 F.3d 376 (5th Cir. 2002) ........................................................10

*Vuoncino v. Forterra, Inc*.,
   No. 24-10308
   2025 U.S. App. LEXIS 13552 (5th Cir. June 3, 2025) ..................10

*Ware v. Associated Milk Producers, Inc*.,
   614 F.2d 413 (5th Cir. 1980) ........................................................10

*Warren v. Chesapeake Expl., L.L.C.*,
    759 F.3d 413 (5th Cir. 2014) ...................................................................23, 24

**Statutes**                                                              **Page(s)**

28 U.S.C. § 1291 .................................................................................................1

28 U.S.C. § 1332 .................................................................................................1

28 U.S.C. § 1441 .................................................................................................2

28 U.S.C. § 1446 .................................................................................................2

Miss. Code Ann. § 85-7-403 ............................................................................8, 11

Miss. Code Ann. § 85-7-405 .........................................................................*passim*

Miss. Code Ann. § 85-7-421 ....................................................................12, 13 n.2

**Other Authorities**                                                                 **Pages**

Fed. R. Civ. P. 12 .............................................................................................1, 2

## STATEMENT REGARDING ORAL ARGUMENT

This appeal involves an issue of first impression raised by the district court's *Erie* guess: Whether a construction lien claimant's inclusion of dated invoices itemizing the work performed to the premises satisfies Miss. Code Ann. § 85-7-405's requirement that the lien reflect the last date labor, services or materials were supplied to the property. Given the absence of Mississippi case law addressing this question, oral argument will materially assist the Court in its deliberations and resolution of the appeal.

## JURISDICTIONAL STATEMENT

Appellant Cuevas Machine Company ("CMC") appeals from the March 20, 2025 final judgment entered by the district court granting Appellee's motion to dismiss under Fed. R. Civ. P. 12(b)(6). ROA.421, 398-420. The district court held subject-matter jurisdiction under 28 U.S.C. § 1332(a). CMC filed its notice of appeal on April 12, 2025. ROA.422. The Court has jurisdiction over this appeal under 28 U.S.C. § 1291.

## STATEMENT OF THE ISSUE

Whether the district court erred in its *Erie* guess concluding that the Mississippi Supreme Court would void CMC's construction liens under Miss. Code Ann. § 85-7-405 for allegedly not complying with the statute's requirement that the liens state the date work was last performed on the Appellee Calgon Carbon

Company's ("Calgon") property, despite the liens attaching itemized, dated invoices reflecting CMC's labor, services or materials supplied to Calgon's property.

## STATEMENT OF THE CASE

**A.     Nature of the Case and Course of Proceedings:**

It is an undisputed fact that CMC, a fabricating and machining company based in Poplarville, Mississippi, timely filed two construction liens against Calgon's real property for CMC's unpaid labor, services, or materials provided to improve Calgon's property. ROA.14-16. CMC recorded the first lien for $471,660.45 with the Hancock County, Mississippi, Construction Liens Book on October 24, 2023. ROA.16. The same date, CMC recorded a second lien for $763,244.50 in the Hancock County Construction Liens Book. *Id*.

On March 8, 2024, CMC filed a complaint in the Hancock County chancery court seeking, *inter alia*, to foreclose on its liens. ROA.14-21. On April 12, 2024, Calgon removed CMC's action to the United States District Court for the Southern District of Mississippi, Southern Division, under 28 U.S.C. §§ 1441 and 1446. ROA.7. Calgon then moved to dismiss the complaint under Fed. R. Civ. P. 12(b)(6). ROA.212, 216.

On March 20, 2025, the district court issued an opinion and final judgment granting Calgon's motion and dismissing CMC's complaint with prejudice. ROA.398-420, 421. CMC noticed this appeal on April 12, 2025. ROA.422.

**B.    Statement of Facts:**

In May 2022, CMC, under a subcontract with general contractor O'Neal Constructors, LLC ("O'Neal"), agreed to perform fabrication and machining services to help expand Calgon's filtration plant located in Hancock County, Mississippi. ROA.15. The subcontract contained a so-called "pay-when-paid" provision whereby O'Neal would pay CMC for its work once Calgon paid O'Neal. ROA.27 at ¶4(C).

By June 2023, O'Neal ceased making payments to CMC, alleging that Calgon had not paid O'Neal for the work. ROA.15-16, 45. CMC continued performing work on Calgon's property, despite the lack of payment. ROA.15. CMC ultimately performed unpaid labor, services or materials to Calgon's property totaling $1,234,904.95. ROA.15-16.

CMC's then-counsel (Jansen Owen) drafted and recorded two construction liens in CMC's favor against Calgon's property improved by CMC's work: One lien for $763,244.50, and another for $471,660.45. ROA.71, 87. The liens were prepared under Miss. Code Ann. § 85-7-405(1), and recorded in the Hancock County, Mississippi Construction Liens Book on October 24, 2023. *Id*. Each lien attached CMC's dated invoices reflecting the work performed giving rise to the lien. *Id*.

The first lien for $763,244.50 provides that:

> **NOTICE IS HEREBY GIVEN** that CUEVAS MACHINE COMPANY, INC., a contractor, claims a lien for satisfaction of a

3

claim for work, labor and materials provided in the amount of $763,244.50, plus interest thereon at the maximum legal rate, attorney's fees, and costs pursuant to Miss. Code Ann. Ann. § 85-7-405(3)(c) (Rev. 2014), for O'Neal Constructors, LLC on the building and premises belonging to Calgon Carbon Corporation and located at 13121 Webre Road, Bay St. Louis, Mississippi 39520, being more particularly described as follows, to-wit:

…

**THIS CLAIM OF LIEN EXPIRES AND IS VOID ONE HUNDRED EIGHTY (180) DAYS FROM THE DATE OF FILING OF THE CLAIM OF LIEN IF A PAYMENT ACTION IS NOT FILED BY THE CLAIMANT WITHIN THAT TIME PERIOD.**

**NOTICE OF OWNER OF PROPERTY: You have the right to contest this claim of lien pursuant to Mississippi law.**

The undersigned lien claimant has or shall, within two (2) days of the date hereof, provide a copy of the instant Notice of Construction Lien by registered or certified mail or statutory overnight delivery to the following addresses:

1.     Calgon Carbon Corporation
       13121 Webre Road
       Bay St. Louis, Mississippi 39520

2.     O'Neal Constructors, LLC
       10 Falcon Crest Drive
       Greenville, South Carolina 29607

…

ROA.71-72 (emphasis original).

The lien includes eleven CMC invoices comprising the amount of the lien ROA.74-85. The invoices reflect the date, a description of the work performed, and the amount owed for each part of the work performed. *Id*. The invoices are dated

June 6, 17, 19, 25, and 27, August 9, 2023, and four invoices dated August 29, 2023.

ROA.74-85. The "last date the labor, services or materials were supplied to the

premises" is reflected in the last dated invoice – August 29, 2023, which is the last

date CMC supplied this labor, services or materials to the premises. ROA.85; Miss.

Code Ann. § 85-7-405(1)(b).

The second construction lien in the amount of $471,660.45, also recorded on

October 24, 2023, provides that

> **NOTICE IS HEREBY GIVEN** that CUEVAS MACHINE
> COMPANY, INC., a contractor, claims a lien for satisfaction of a
> claim for work, labor and materials provided in the amount of
> $471,660.45, plus interest thereon at the maximum legal rate,
> attorney's fees, and costs pursuant to Miss. Code Ann. § 85-7-
> 405(3)(c) (Rev. 2014), for O'Neal Constructors, LLC on the
> building and premises belonging to Calgon Carbon Corporation and
> located at 13121 Webre Road, Bay St. Louis, Mississippi 39520,
> being more particularly described as follows, to-wit:
>
> …
>
> **THIS CLAIM OF LIEN EXPIRES AND IS VOID ONE
> HUNDRED EIGHTY (180) DAYS FROM THE DATE OF
> FILING OF THE CLAIM OF LIEN IF A PAYMENT ACTION
> IS NOT FILED BY THE CLAIMANT WITHIN THAT TIME
> PERIOD.**
>
> **NOTICE OF OWNER OF PROPERTY: You have the right to
> contest this claim of lien pursuant to Mississippi law.**
>
> The undersigned lien claimant has or shall, within two (2) days of
> the date hereof, provide a copy of the instant Notice of Construction
> Lien by registered or certified mail or statutory overnight delivery
> to the following addresses:

 1.   Calgon Carbon Corporation
      13121 Webre Road
      Bay St. Louis, Mississippi 39520

 2.   O'Neal Constructors, LLC
      10 Falcon Crest Drive
      Greenville, South Carolina 29607
 …

ROA.87-88 (emphasis original).

The lien includes eight CMC invoices, each dated September 6, 2023, comprising the amount of the lien. ROA.90-98. The invoices reflect the date, a description of the work performed, and the amount owed for each part of the work performed. *Id.* The "last date the labor, services or materials were supplied to the premises" is reflected in the dated invoices – September 6, 2023, which is the last date CMC supplied this labor, services or materials to the premises. ROA.98; Miss. Code Ann. § 85-7-405(1)(b).

Both liens were mailed to Calgon (and O'Neal) via certified mail on October 26, 2023. ROA.101. Calgon received notice of the liens on October 27, 2023, and did not file an objection. ROA.103.

After removing CMC's lawsuit to the district court, Calgon moved to dismiss, arguing that the liens fail to identify the last date CMC provided labor, service or materials to Calgon's property. ROA.217. According to Calgon, because the liens are statutory creations not recognized at common law, the lien statute requires strict compliance, rendering CMC's liens void. ROA.217.

6

CMC responded that the lien statute instructs that the lien shall, "in substance," provide the date the claim became due, i.e., "the last date the labor, services or materials were supplied to the premises." ROA.246-47. By attaching to the liens the dated invoices comprising the amount of each lien, the date CMC last provided labor, services or materials was reflected in the last invoice attached to each lien. ROA.247. CMC thus complied "in substance" with the lien statute. *Id*.

CMC further explained that Calgon had never disputed that CMC's liens were timely recorded; Calgon instead relied on the form-over-substance argument that the liens did not strictly comply with the statute, which, by its language, does not require strict compliance, only substantial compliance. ROA.251.

The district court granted Calgon's motion on March 20, 2025. ROA.420. Its opinion and order began by noting the absence of Mississippi appellate jurisprudence addressing the issue before the court, thus "task[ing the district court with] attempt[ing] to predict state law, not create or modify it." ROA.404. The district court explained its "duty [] 'to carefully review the statutory language and apply its most reasonable interpretation and meaning to the facts of a particular case.'" ROA.405. (quoting *Hall v. State*, 241 So. 3d 629, 631 (Miss. 2018)).

The district court then made an *Erie* guess that CMC's liens failed to, "in substance," comply with Miss. Code Ann. § 85-7-405(1)(b) because the invoices

attached to the liens, according to the district court, did not specify the last date the labor, services or materials were supplied to Calgon's premises. ROA.410.

## SUMMARY OF THE ARGUMENT

Mississippi's lien law at Miss. Code Ann. § 85-7-403 provides that subcontractors "shall each have a special lien on the real estate or other property for which they furnish labor, services or materials." Mississippi Code section 85-7-405(1) provides that "the lien must be created and declared in accordance with the following provisions…" It then states that "[t]he claim shall be in substance as follows…" and provides model language for the lien. Miss. Code Ann. § 85-7-405(1).

Relevant here, § 85-7-405(1)(b) requires the lien claimant to, "in substance," "specify the date the claim was due, which is the same as the last date the labor, services or materials were supplied to the premises…." The purpose of the language is to measure whether the claimant files the lien "within ninety (90) days after the claimant's last work performed, labor, services or materials provided …." *Id*. It is an undisputed fact that CMC met the 90-day deadline.

CMC's liens attached dated, itemized invoices showing the date CMC last provided labor, services or materials to Calgon's property: August 29, 2023, for the lien totaling $763,244.50, and September 6, 2023, for the lien totaling $471,660.45.

Existing Mississippi law is instructive. In *Land Holdings I, LLC v. Gsi Servs., LLC*, 265 So. 3d 147 (Miss. 2019), the lien claimant's lien under Miss. Code Ann. § 85-7-405 listed conflicting and incorrect dates regarding when its claim became due. The property owner moved to expunge the lien, and the Mississippi Supreme Court affirmed the chancery court's decision not to invalidate the lien, but to hold an evidentiary hearing, during which the chancery court determined that the lien claimant's claim became due ***on a date that appeared nowhere in the lien.***

Calgon's motion to dismiss did not dispute the fact that CMC timely filed its liens. Instead, Calgon raised a hyper-technical argument that the liens failed to state the last date CMC provided labor, services or materials to Calgon's property on the face of the lien (versus on the invoices attached to the liens). ROA.212-13, 220-22.

Calgon's form-over-substance argument, if successful, will gift it a windfall exceeding $1.2 million in free construction work. CMC, a small fabricating and machining company based in Poplarville, Mississippi, would be left with no remedy except for a legal malpractice claim against the attorney/legislator—Jansen Owen—who drafted and recorded the liens on CMC's behalf.[1]

---

[1]     CMC cannot recover the $1,234,904.95 from General Contractor O'Neal because it filed for Chapter 7 bankruptcy protection on February 6, 2025, in the United States Bankruptcy Court for the District of South Carolina, case number 25-459-hb.

The Court should reverse, or reverse and remand with instructions to hold an evidentiary hearing, which is the only result consistent with the existing, relevant Mississippi Supreme Court precedent addressing Miss. Code Ann. § 85-7-405.

## STANDARD OF REVIEW

The Fifth Circuit reviews a lower court's *Erie* guess de novo. *See*, e.g., *Civelli v. J.P. Morgan Sec., LLC*, 57 F.4th 484, 493 (5th Cir. 2023). The Court must independently determine how the highest court of the state would rule on the issue if it were presented to it. *See*, e.g., *Aggreko, LLC v. Chartis Specialty Ins. Co.*, 942 F.3d 682, 688 (5th Cir. 2019).

The Court applies the same de novo standard of review to the district court's order granting Calgon's motion to dismiss under Rule 12(b)(6). *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002). The Court examines whether the complaint states a plausible claim for relief, accepting all well-pleaded facts as true and viewing them most favorably to the plaintiff. *Vuoncino v. Forterra, Inc.*, No. 24-10308, 2025 U.S. App. LEXIS 13552, at *8 (5th Cir. June 3, 2025). Dismissal with prejudice is appropriate only if the plaintiff/appellant cannot prove *any* set of facts supporting their claim that would entitle them to relief. *Ware v. Associated Milk Producers, Inc.*, 614 F.2d 413, 415 (5th Cir. 1980).

# **ARGUMENT**

**I.     CMC's Liens Provided the Date it Last Supplied Labor, Services or Materials to Calgon's Property.**

The construction lien framework under Miss Code Ann. § 85-7-403 gives absolute lien rights to subcontractors against the property improved through their labor, services or materials. Mississippi Code section 85-7-405 provides (in relevant part):

> (1) The following persons **shall** each have a special lien on the real estate or other property for which they furnish labor, services or materials:
>
>> (a) All contractors, all subcontractors and all materialmen furnishing material for the improvement of real estate;
>
> **…**
>
> (2) Each special lien specified in subsection (1) of this section may attach to the real estate of the owner for which the labor, services or materials are furnished if they are furnished at the instance of the ***owner,*** design professional ***or contractor*** or a subcontractor having direct privity of contract with a contractor, and shall include the value of work done and labor, services or materials furnished.
>
>> …

(Emphasis added.)

Mississippi Code § 85-7-405(1) provides that, to "make good a lien created under § 87-7-403(1)," the lien

> must be created and declared in accordance with the following provisions[:]
>
> …

11

(b) The filing for record of the claim of lien in the office of the clerk of the chancery court of the county where the property is located ***within ninety (90) days after the claimant's last work performed, labor, services or materials provided***… . The lien shall include a statement regarding its expiration pursuant to Section 85-7-421(1) and a notice to the owner of the property on which a claim of lien is filed that the owner has the right to contest the lien; ***the absence of the statement or notice shall invalidate the lien.*** The claim shall be ***in substance*** as follows: "A.B., a mechanic, contractor, subcontractor, materialman, machinist, manufacturer, registered architect, registered forester, registered land surveyor, registered professional engineer, or other person (as the case may be) claims a lien in the amount of (specify the amount claimed) on the building, structure, house, factory, mill, machinery, or railroad (as the case may be) and the premises or real estate on which it is erected or built, of C.D. (describing the houses, premises, real estate, or railroad), for satisfaction of a claim which became due on (specify the date the claim was due, which is the same as the last date the labor, services or materials were supplied to the premises) for work performed or labor, services provided (or whatever the claim may be).

THIS CLAIM OF LIEN EXPIRES AND IS VOID ONE HUNDRED EIGHTY (180) DAYS FROM THE DATE OF FILING OF THE CLAIM OF LIEN IF A PAYMENT ACTION IS NOT FILED BY THE CLAIMANT WITHIN THAT TIME PERIOD.

NOTICE TO OWNER OF PROPERTY: You have the right to contest this claim of lien pursuant to Mississippi law."

(Emphasis in bolded italics added.)

Under Miss. Code Ann. § 85-7-405(1)(b), only "the absence of the statement [of the lien's expiration in 180 days] or notice [of the owner's right to object] shall invalidate the lien."[2] Calgon has conceded that CMC's liens include this information.

---

[2]     CMC is mindful that Miss Code § 85-7-405(1) generally provides that "[t]o make good a lien created in Section 85-7-405(1), it must be created and declared in accordance with the

*See* ROA.221, 246. Calgon argued, and the district court agreed, that the liens fail solely because they allegedly lack a statement of when "the last date the labor, services or materials were supplied to the premises." ROA.221, 405-14; Miss. Code Ann. § 85-7-405(1)(b).

But the liens attached dated invoices showing the date labor, services, or materials were last provided to the premises. The claim of lien for $763,244.50 includes all invoices comprising the amount of the lien, including the date, a description of the work performed, and the amount owed for each part of the work performed. ROA.74-85. The claim became due upon the last date CMC provided labor, services, or materials to the premises, which date is reflected in the last invoice – August 29, 2023. ROA.85.

The claim of lien for $471,660.45 also includes all invoices comprising the amount of the lien, including the date, a description of the work performed, and the

---

following provisions, and on failure of any of them the lien shall not be effective or enforceable." However, the statute, at subsection (1)(b), then specifies that: "The lien shall include a statement regarding its expiration pursuant to Section 85-7-421(1) and a notice to the owner of the property on which a claim of lien is filed that the owner has the right to contest the lien; the absence of the statement or notice shall invalidate the lien." Section (1)(b) indicates that the lack of only these two provisions shall invalidate the lien, which is narrower and more specific than the broader, more general language in subsection (1). Mississippi law instructs that, when two provisions overlap, the more specific provision takes priority over the more general provision. *Harrison v. State*, 800 So. 2d 1134, 1137 (Miss. 2001) ("To the extent that two…statutory provisions overlap or conflict, specific provisions control over general provisions") (citations omitted). Section (1)(b) also specifies that the lien shall "in substance" comply with its provisions, including the last date labor, services or materials were provided to the premises. By attaching the invoices to the liens, CMC, in substance, complied with the statutory requirement.

amount owed for each part of the work performed. ROA.90-98. The claim became due upon the last date CMC provided labor, services, or materials to the premises – September 6, 2023. *Id.*

The invoices, "in substance," provide all information required by Miss. Code Ann. § 85-7-405(1)(b). The district court, however, found that the invoices do not specify the date the work was last supplied to the premises:

> Cuevas asserts in its brief that "the claim became due upon the last date Cuevas provided labor, services, or materials to the premises, which is reflected in the last invoice—August 29, 2023." But, upon review, that is neither apparent from the Lien itself, nor from its attachments. The Lien itself does not mention any date that the claim became due. Instead, Plaintiff attached twelve different invoices, each containing a section at the top of the page labeled "DATE," and each containing a date (indeed, there are seven different dates across twelve different invoices). But without understanding more about Cuevas's invoicing procedures or how these particular invoices were generated, it is not clear whether the date stamp at the top of the last attached invoice represents "the date the claim was due, which is the same as the last date the labor, services or materials were supplied to the premises," Miss. Code Ann. § 85-7-405(1)(b), or whether it represents the date the invoice itself was generated, or indeed whether it has some other accounting significance of which the Court is unaware. The point here is that the Court—and presumably the Defendant—cannot say with certainty exactly *what* the dates on the attached invoices represent. Such uncertainty demonstrates why Cuevas in this case has not sufficiently *specified* the date the claim was due, as required by statute.

ROA.410-11 (emphasis original; internal citations omitted).

But the fact that the invoices were not sent on regular intervals, such as monthly or weekly, but on specific, varied dates (as close as two days apart), shows how the invoices were sent when the work was completed.

For example, the lien totaling $763,244.50 attaches invoices dated June 6, 17, 19, 25, and 27, 2023, August 9, 2023, and four invoices dated August 29, 2023. ROA.74-85. For example:



<div align="center">*    *    *</div>



# CMC INC.

DUEVAS MACHINE COMPANY
5548 Highway 53
Poplarville, MS 39470
(228) 255-1361
Fax: (228) 255-1824

2023   221
Construction Liens  Book 4 Page

INVOICE

| DATE | INVOICE # |
|---|---|
| 8/9/2023 | 23-619 |

BILL TO:

O'Neal Constructors, LLC
10 Falcon Crest Drive
Greenville, SC 29607
Attn: Accounts Payable

| P.O. NUMBER | TERMS | PROJECT |
|---|---|---|
| 19220-C 037 | Net 30 | 103593F |

| QUANTITY | DESCRIPTION | RATE | AMOUNT |
|---|---|---|---|
| 1 | Labor and material to fabricate/install Calgon Coal Blending Bins Awning Concept Change order #17  C2019-00-220 | 23,707.50 | 23,707.50 |

\*     \*     \*

# CMC INC.

DUEVAS MACHINE COMPANY
5548 Highway 53
Poplarville, MS 39470
(228) 255-1361
Fax: (228) 255-1824

2023   221
Construction Liens  Book 4 Page

INVOICE

| DATE | INVOICE # |
|---|---|
| 8/9/2023 | 23-619 |

BILL TO:

O'Neal Constructors, LLC
10 Falcon Crest Drive
Greenville, SC 29607
Attn: Accounts Payable

| P.O. NUMBER | TERMS | PROJECT |
|---|---|---|
| 19220-C 037 | Net 30 | 103593F |

| QUANTITY | DESCRIPTION | RATE | AMOUNT |
|---|---|---|---|
| 1 | Labor and material to fabricate/install Calgon Coal Blending Bins Awning Concept Change order #17  C2019-00-220 | 23,707.50 | 23,707.50 |

16

*     *     *



The invoices were thus issued at the time the work was completed, not on a monthly, weekly, or other static interval, since, if that were the case, all work would be reflected in a single invoice reflecting all work performed during the interval.

The district court further reasoned that

[t]he Court's conclusion today also makes sense as a practical matter. The statute requires the lien holder to file the claim of lien within ninety days after the date the claim became due, … which "is the same as the last date the labor, services or materials were supplied to the premises[.]" Failure to clearly specify that date in the lien (or in an

17

attachment) provides insufficient notice to the lienee and makes it difficult to ascertain whether the lien was timely filed. As a practical matter, then, the lien (or its attachments) must clearly and affirmatively specify the date the claim became due.

ROA.414 (internal citations omitted).

The statute's purpose for providing the date the claim was due is to determine whether the claimant filed the lien within 90 days of the date it last performed work to the property. Miss. Code Ann. § 85-7-405. It is an undisputed fact that CMC's two liens were timely filed. If CMC's liens were untimely filed or otherwise insufficient, Calgon could have—but did not—object to the liens as they advised in all caps on their face. Calgon received the liens and its notice of its right to object to them on October 27, 2023. ROA.103. Calgon lodged no objection.

## II. Alternatively, Mississippi Law Indicates the District Court Should Hold an Evidentiary Hearing to Confirm When CMC Last Supplied Labor, Services or Materials to Calgon's Property.

Mississippi case law suggests holding an evidentiary hearing when the date the claim became due is unclear. In *Land Holdings I, LLC d/b/a Scarlet Pearl, LLC v. GSI Services, LLC*, No. 2:17-cv-209-JS (Harrison County Chancery Court, 2nd Judicial District), the property owner Scarlet Pearl Casino petitioned the chancery court to expunge a lien filed by subcontractor GSI because, *inter alia*, GSI allegedly filed the lien more than 90 days after its last work performed, and allegedly failed to initiate a payment action within 180 days of filing the notice of lien. *See* No. 2:17-cv-209-J, Petition to Expunge Lien, at [Dkt. 1 ¶¶19-27.] GSI's lien—filed on April

14, 2016— stated that the "claim [] became due on **December 31, 2015**, for work performed or labor, materials, services provided. Work was last performed, services or materials provided by GSI Services LLC on **February 15, 2016**." *Id*. at 68.

GSI's lien was facially contradictory. On the one hand, the lien stated the claim became due on December 31, 2015, while on the other hand, it stated that "work was last performed, services or materials provided by GSI Services LLC on February 15, 2016." *Id*. at [Dkt. 1, p. 69.] But § 85-7-405(1)(b) provides that "the date the claim became due [] is the same as the last date the labor, services or materials were supplied to the premises." GSI's facial contradiction failed to strictly comply with Miss. Code Ann. § 85-7-405(1)(b), which provides that the date the claim was due is "the same as the last date the labor, services or materials were supplied to the premises," which, per GSI's lien, was February 15, 2016.

GSI's Answer to the Casino's Petition to Expunge then pleaded that the true date GSI last performed work to the premises was February 5, 2016 (not February 15, 2016, as stated in the lien). *Id*. at [Dkt. 5 ⁋20.]

Despite the lien's facial contradictions, the chancery court did not expunge GSI's lien but held an evidentiary hearing to determine the true date GSI last performed work at the Casino, *which turned out to be March 18, 2016,* a date *appearing nowhere in GSI's lien*.

During the evidentiary hearing, the chancery court received testimony and other evidence about the date GSI last performed work on the job. The chancery court concluded that "[t]he evidence is undisputed that GSI performed work at the Scarlet Pearl as part of its subcontract pursuant to the instructions of the prime contractor as late as March 18, 2016." *Id*. at [Dkt. 17], "Findings of Fact," ¶¶11-29; "Conclusions of Law," ¶¶15-18 (emphasis added). The chancery court explained that

> There was undisputed testimony detailing work performed by GSI and/or its subcontractor Sunrise Network Systems on January 15, 2016, January 29, 2016, February 5, 2016[,] and March 14, 16, 17 and 18.
>
> … [T]he preponderance of the evidence is that GSI performed work as described by § 85-7-405(1)(b) within 90 days of April 14, 2016. The wording of the statute is clear, making reference only to the date of the lien claimant's "last work performed, labor, services or materials provided[.]" The statute makes no mention of whether or not the project was substantially complete. …
>
> GSI did work within 90 days of filing its lien which was necessary for the proper performance of its contract, and which was done in good faith at the request of the owner or for the purpose of fully completing the contract, and not merely as a gratuity or act of friendly accommodation, *Wood*, 235 S.C. at 140, 110 S.E.2d 157 at 161. *Butler Contracting, Inc. v. Court St., LLC*, 369 S.C. 121, 130–31, 631 S.E.2d 252, 257 (2006).

*Id*. ¶¶16-18.

Thus, the actual date of last work performed was neither December 31, 2015, nor February 15, 2016, as stated in the lien, and the claim did not become due on

either of the dates reflected in the lien. GSI, in fact, last performed work to the premises on March 18, 2016.[3]

The Casino appealed, and the Mississippi Supreme Court affirmed in *Land Holdings I, LLC v. Gsi Servs., LLC*, 265 So. 3d 147 (Miss. 2019). The Mississippi Supreme Court's recitation of facts described testimony that "GSI employees performed work at the Scarlet Pearl Casino on January 15, 2016, February 5, 2016, March 14, 2016, March 15, 2016, March 16, 2016, March 17, 2016, and March 18, 2016." *Id.* at 148. The Mississippi Supreme Court concluded that

> [t]he chancellor properly interpreted Section 85-7-405 as written **and applied the facts of the case to the requirements of the statute.** The chancellor determined that GSI provided labor, services, and/or material required by the contract and at the direction of the Casino within ninety days of the lien's being filed. … GSI fully complied with

---

[3]     For the Court's convenience, the relevant dates in *Land Holdings I, LLC*, No. 2:17-cv-209-JS, are:

- April 14, 2016 – GSI recorded its lien stating its claim became due on December 31, 2015, for labor, services or materials last supplied to the premises on February 15, 2016 – a facial contradiction regarding when the claim in fact became due. *See* [Dkt. 1 ¶11.]
- March 3, 2017 – the Casino petitioned the chancery court to expunge the lien, claiming GSI, though a prior counterclaim, alleged it completed work on December 9, 2015 and final payment was due on December 31, 2015. [Dkt. 1 ¶10.] The Casino argued the GSI recorded its lien 111 days after final payment was due and 133 days after GSI allegedly completed its work. [Dkt. 1 ¶11.]
- March 20, 2017 – GSI filed its answer to the Casino's petition, claiming it performed labor and/or services to the Casino property within 90 days of April 14, 2016. [Dkt. 5 at ¶11.]
- June 14, 2017 – the chancery court held its evidentiary hearing. Undisputed testimony revealed GSI had performed work at the Casino as late as March 18, 2016. [Dkt. 17 ¶¶16-18.] The court held that GSI timely recorded its lien under Miss. Code Ann. § 87-5-405(1)(b) on April 14, 2016, and denied the Casino's petition. [Dkt. 17 ¶¶16-18; p. 18.]
- November 20, 2017 – The chancery court issues its final judgment denying the Casino's petition to expunge. [Dkt. 17, p. 18.]

Section 85-7-405 by filing its lien within ninety days of its "last work performed, labor, services or materials provided." The evidence adduced during the hearing supports the chancellor's finding that work, required under the contract, was performed on numerous dates and as late as March 18, 2016. Although the Casino was able to open in December 2015, prior to the work's being completed by GSI, the statute makes no reference to work's being substantially completed as opposed to its being the "last work performed."

*Id*. at 151 (emphasis added).

CMC cited *Land Holdings I* to the district court, noting it could hold an evidentiary hearing like the Mississippi Supreme Court had affirmed in *Land Holdings I*. But the district court found CMC's argument unpersuasive, reasoning that

[In *Land Holdings I*,] the lien claimant *did* specify a date the claim became due in the lien—thus satisfying the strict requirements of the Miss. Code Ann. § 85-7-405—but the property owner disputed whether the date listed in the lien was actually the date work was last performed. So, the Chancery Court held an evidentiary hearing to determine whether the date listed on the lien was accurate. But that is not the issue here. Here, Cuevas has not strictly complied with the statute because, as the Court has explained, neither the Liens in this case nor their attachments specify any last date that the labor, services, or materials were supplied.

ROA.413 (emphasis original; internal citations omitted).

According to the district court's reasoning, the accuracy of the date work was last performed, as stated on the lien, is irrelevant; it matters only that a date—any date—is stated in the lien, regardless of its accuracy.

The district court's reasoning is incongruent with its ruling. On the one hand, it recognized that the *Land Holdings I* lien reflected that work was last performed on false and conflicting dates, leading to an evidentiary hearing during which the chancery court (later affirmed by the Miss. Supreme Court) determined that the dates in the lien inaccurately reflected the date on which GSI last performed work, but that that the true date GSI last performed work still fell within the 90-day period, and thus upheld the lien. On the other hand, the district court held that the dates provided in CMC's invoices are invalid since they may inaccurately reflect the true date CMC last performed work. And the district court declined to hold an evidentiary hearing, as the Mississippi Supreme Court had approved in *Land Holdings I*.

There is no dispute over whether CMC last performed work to Calgon's property within 90 days of filing its liens, only Calgon's technical (and incorrect) argument that CMC failed to "provide [any] information whatsoever regarding the date any materials were allegedly provided or work allegedly performed…." ROA.221.

But, even if there were a bona fide dispute over the "last date [CMC] provided labor, services or materials…to the premises," which there is not, *Land Holdings I* instructs that the district court should have held an evidentiary hearing, not dismissed the case with prejudice. Such dismissal runs afoul of well-settled law instructing district courts that, where a plaintiff could plead any set of facts setting forth a

plausible claim for relief, the court should not dismiss the case under Fed. R. Civ. P. 12(b)(6). *See*, e.g., *Warren v. Chesapeake Expl., L.L.C.*, 759 F.3d 413, 420 (5th Cir. 2014) (reversing the district court's dismissal with prejudice since "it is not apparent from the face of the complaint or its attachment that [plaintiffs] could not conceivably state a cause of action.").

The district court also cited *KD Oak Grove, LLC v. Warren & Warren Asphalt Paving*, *LLC*, 324 So. 3d 1134, 1135 (Miss. 2021) to support its finding that statutory prerequisites relative to rights created by statute "must be strictly complied with for the lienor to gain the benefits offered by statute." ROA.142. But the *KD Oak Grove* court expunged a lien because the lien claimant failed to timely file a notice of lis pendens, not because of any defect in the lien itself.

Failure to file a lis pendens is fatal to the enforcement of a construction lien per the plain language of § 85-7-405(1)(c) ("[a] lis pendens notice **shall** be filed with the commencement of the action…") (emphasis added). The *KD Oak Grove* court merely noted that Miss. Code Ann. § 85-7-405 imposes "strict requirements" in the context of filing a lis pendens. *Id*. at 1135. Unlike the mandatory "shall" language preceding the lis pendens requirement, the statute's language instructing that the lien state the date the claim became due is not preceded by the mandatory "shall" language.

## **CONCLUSION**

The Court should reverse the district court's judgment granting Calgon Carbon Company's motion to dismiss and allow the case to proceed to discovery. Alternatively, the Court should remand with instructions to hold an evidentiary hearing per *Land Holdings I*.

Respectfully submitted, this 7th day of July 2025.

<div style="margin-left:40%">

**CUEVAS MACHINE COMPANY, INC. - APPELLANT**

By: *s/ Jason M. Kirschberg*
    Jason M. Kirschberg (MBN 104860)
    Jeffery P. Reynolds (MBN 5305)
    REYNOLDS | KIRSCHBERG
    188 E. Capitol St., Suite 1360
    Jackson, Mississippi 39201
    Tel.: 601-355-7773
    Fax: 601-355-6364
    jason@rklitigators.com
    jeff@rklitigators.com

</div>

## <u>CERTIFICATE OF SERVICE</u>

I certify that, on July 7, 2025, an electronic copy of the foregoing brief was filed with the Clerk of the Court for the United States Court of Appeals for the Fifth Circuit using the appellate CM/ECF system, and that service will be accomplished by the appellate CM/ECF system.

I further certify that, on July 7, 2025, seven paper copies of the foregoing have been mailed, via overnight delivery, to the United States Court of Appeals for the Fifth Circuit, and one paper copy of the foregoing was mailed to counsel for the Appellee:

R. Mark Alexander, Esq.
Balch & Bingham LLP
1310 Twenty Fifth Ave.
Gulfport, Mississippi 39501-1931

Dated: July 7, 2025.


*s/ Jason M. Kirschberg*
Jason M. Kirschberg

## <u>CERTIFICATE OF COMPLIANCE</u>

### With Type-Volume Limitation, Typeface Requirements, and Type Style Requirements

This brief complies with the type-volume limitation of FED. R. APP. P. 32(a)(7)(B) because this brief contains 5,626 words, excluding the parts of the brief exempted by FED. R. APP. P. 32(f)

This brief complies with the typeface requirements of FED. R. APP. P. 32(a)(5) and the type style requirements of FED. R. APP. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word for Windows, 2021 version, in Times New Roman 14-point typeface for the body of the brief, and 12-point typeface for footnotes.

Dated: July 7, 2025

<u>s/ Jason M. Kirschberg</u>
Jason M. Kirschberg